JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELTON HUMPHRIES,<br><br>    Petitioner,<br><br>v.<br><br>DAN SAMUELS, Warden,<br><br>    Respondent. | Case No. CV 23-4179 JFW (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court summarily dismisses this action pursuant to the successive habeas petition rule under 28 U.S.C. §§ 2243 and 2244.

\* \* \*

1. Petitioner is currently serving a life term in state prison based on his 2016 conviction for first degree murder.

2. In this federal habeas action, Petitioner alleges claims of prosecutorial misconduct and ineffective assistance of counsel related to his original trial. (Docket # 1.)

1        3.     Petitioner previously sought habeas relief in this Court
2 regarding his murder conviction. The Court denied Petitioner's earlier
3 habeas petition on the merits of the claims asserted. <u>Humphries v.</u>
4 <u>Sherman</u>, No. CV 18-5748 JFW (JEM) (C.D. Cal.). The Ninth Circuit Court
5 of Appeals denied a certificate of appealability in that action. (CV 18-5748,
6 Docket # 23.)

7        4.     Magistrate Judge Wilner screened the petition in the current
8 action. (Docket # 6.) Judge Wilner noted that the action appeared to be
9 successive, and was not accompanied by a certificate from the Ninth
10 Circuit authorizing a second habeas action under 28 U.S.C. § 2244.

11        5.     Petitioner submitted a supplemental statement regarding the
12 petition. (Docket # 8.) In his statement, Petitioner acknowledged that he
13 erred in filing the present action "without [a] statement of permission from
14 the Ninth Circuit Court of Appeals." (<u>Id.</u> at 2.) Petitioner suggested that
15 he had been misled by his appellate lawyer to believe that he could pursue
16 additional claims on federal review after the conclusion of his original
17 habeas action in this Court.[1] (<u>Id.</u>) The remainder of the statement
18 addressed the merits of Petitioner's new claims.

19        6.     Petitioner did not indicate that he ever sought or received a
20 certificate to pursue a second or successive habeas action in this Court.

21                              \* \* \*

22        7.     If it "appears from the application that the applicant or person
23 detained is not entitled" to habeas relief, a court may summarily dismiss a
24 habeas action. 28 U.S.C. § 2243; <u>see also</u> Local Civil Rule 72-3.2
25 (magistrate judge may submit proposed order for summary dismissal to

---

[1] A fair reading of the lawyer's letter (attached to the supplemental statement) suggests that the lawyer correctly advised Petitioner that claims Petitioner presented to the state supreme court on direct appeal had been preserved for federal habeas review in the original action. (Docket # 8 at 7.)

1  district judge "if it plainly appears from the face of the petition [ ] that the
2  petitioner is not entitled to relief").

3   8. Under federal law, a state prisoner is generally required to
4  present all constitutional challenges to a state conviction in a single federal
5  action. "Before a second or successive [habeas petition] is filed in the
6  district court, the applicant shall move in the appropriate court of appeals
7  for an order authorizing the district court to consider the application."
8  28 U.S.C. § 2244(b)(3)(A).

9   9. A prisoner must obtain authorization from the Court of
10 Appeals to pursue such a successive habeas petition before the new petition
11 may be filed in district court. Id.; Burton v. Stewart, 549 U.S. 147, 156
12 (2007) (district court without jurisdiction to consider successive habeas
13 action when prisoner "neither sought nor received authorization from the
14 Court of Appeals before filing").

15   10. "If the petition is second or successive, then the district court
16 lacks jurisdiction and must dismiss the petition unless and until the court
17 of appeals grants an application to file it." Brown v. Muniz, 889 F.3d 661,
18 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to
19 bring successive habeas action); Prince v. Lizzaraga, 733 F. App'x 382, 384
20 (9th Cir. 2018) (prisoner "must first apply to this [appellate] court for
21 permission to have his petition heard in the district court").

\* \* \*

23   11. Petitioner's current habeas action is subject to summary
24 dismissal. The petition challenges the same murder conviction that was
25 the subject of his earlier federal habeas action. That action (CV 18-5748)
26 was denied on the merits several years ago. This makes make the current
27 action successive. McNabb, 576 F.3d at 1030. Petitioner presents no proof
28

3

1 that he asked for or received permission from the Ninth Circuit to pursue
2 another successive action. Moreover, Petitioner's contentions about the
3 guidance that his appellate lawyer provided him do not provide a basis for
4 this Court to allow him to pursue the current claims. The successive action
5 must be dismissed. 28 U.S.C. § 2244(b); Brown, 889 F.3d at 667; Prince,
6 733 F. App'x at 384.

* * *

The Court does not have jurisdiction to consider Petitioner's claims. The action is DISMISSED without prejudice as successive.[2]

IT IS SO ORDERED.

Dated: July 17, 2023          _____
                               HON. JOHN F. WALTER
                               UNITED STATES DISTRICT JUDGE


Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court declines to transfer the action to the Ninth Circuit, as there is no basis to conclude that Petitioner "mistakenly submitted" this motion to the district court instead of the appellate court. Ninth Circuit Rule 22-3(a).

4